## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Bryan Cudney<br>77 Neringa Ln. Apt. 718<br>Hobart, IN 46342<br><br>       Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>       Defendant. | Case No.<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around May 21, 2008, Defendant telephoned Plaintiff's parents ("Parents") and left a voice message.

10. During the communication referenced in Paragraph 9, Defendant stated that Plaintiff or plaintiff's attorney needed to contact Defendant.

11. On or around May 22, 2008, Plaintiff telephoned Defendant.

12. During the communication referenced in Paragraph 11, Plaintiff asked Defendant not to call Parents.

13. During the communication referenced in Paragraph 11, Defendant misrepresented that Plaintiff provided Parents' telephone number on the debt.

14. During the communication referenced in Paragraph 11, Defendant threatened to garnish Plaintiff's wages.

15. During the communication referenced in Paragraph 11, when Plaintiff questioned Defendant's ability to garnish Plaintiff's wages, Defendant represented to Plaintiff that it was going to transfer the telephone call to the "legal department."

16. On or around May 22, 2008, Plaintiff telephoned Defendant again.

17. During the communication referenced in Paragraph 16, Defendant asked Plaintiff to identify himself.

18. During the communication referenced in Paragraph 16, after Plaintiff identified himself, Defendant represented that it was the "legal department" and it was getting ready to pursue legal action against Plaintiff.

19. On or around June 16, 2008, Defendant telephoned Plaintiff and left a voice message.

20. During the communication referenced in Paragraph 19, Defendant represented to Plaintiff that a complaint had been filed against Plaintiff's name and social security number.

21. At the time of the communication referenced in Paragraph 19, no complaint has been filed against Plaintiff or Plaintiff's social security name for the debt.

22. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT FOUR

#### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

### COUNT FIVE

#### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

### COUNT SIX

#### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### COUNT SEVEN

#### Invasion of Privacy by Public Disclosure of a Private Fact

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's parents.

38. The threat of legal action to these parties is highly offensive.

39. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

42. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

43. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

44. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### JURY DEMAND

46. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

47. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c.   Judgment, in an amount to be determined at trial, against Defendant for the Public

Disclosure of a Private Fact.

d.   For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Jeffrey S. Hyslip*
    Jeffrey S. Hyslip (0079315)
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Tel:  866-339-1156
    jsh@legalhelpers.com
    Attorney for Plaintiff